NO. 07-10-00431-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 30, 2011

MARTIN CARNERO, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 59,959-D; HONORABLE DON R. EMERSON, JUDGE

Before CAMPBELL  and HANCOCK, JJ., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Martin Carnero, Jr. appeals his conviction and sentence for aggravated robbery[2] following the revocation of his deferred adjudication community supervision. His court-appointed appellate counsel has filed a motion to withdraw supported by an

---

[1]  John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2] *See* Tex. Penal Code Ann. § 29.03(a) (West 2011).  This is a first degree felony punishable by life or for any term of not more than 99 years or less than 5 years and a fine not to exceed $ 10,000.  Tex. Penal Code Ann. § 12.32(a),(b) (West 2011).

*Anders*[3] brief.  We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

In May 2009, a Potter County grand jury indicted appellant for aggravated robbery.   According to the terms of a plea-bargain agreement, in October 2009, appellant plead guilty to the charged offense.  The trial court deferred a finding of guilt and placed appellant on deferred adjudication community supervision for a term of eight years.  It also assessed a fine and ordered restitution.

The State filed a motion to proceed with adjudication of guilt in April 2010.  It alleged appellant failed to comply with eight conditions of his community supervision order.  Among the violations alleged was the charge that appellant possessed a useable quantity of marijuana within 1,000 feet of a school.

In a sworn written plea, appellant plead true to each violation of community supervision alleged by the State.   Appellant and the State presented no agreed punishment recommendation to the trial court.  Prior to commencement of hearing the State's motion, appellant orally acknowledged before the trial court the truth of his plea.

At the hearing, appellant's community supervision officer testified. Appellant also testified, telling the court he was arrested for possession of marijuana and paraphernalia in January 2010, plead guilty to those offenses, and received county jail sentences of thirty days and ten days respectively.  Appellant agreed he was required to

---

[3] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008) (orig. proceeding) ("[T]he sole purpose of an *Anders* brief is to explain and support the motion to withdraw").

notify his community supervision officer of his arrest but did not. Appellant testified he did not make payments required by his community supervision order because he was "spending all [his] money on drugs and alcohol and stuff like that." He quit reporting to the community supervision officer because he was using drugs and did not want to be tested. Appellant indicated, in addition to marijuana, he consumed alcohol and "sometimes" used methamphetamine. Appellant's mother testified through an interpreter. She explained that when appellant is under the influence of drugs "he does his bad things."

At the conclusion of the hearing the trial court found appellant violated his community supervision and was guilty of aggravated robbery. Punishment was assessed at eighteen years confinement in the penitentiary. This appeal followed.

According to the opinion of appellant's appellate counsel expressed in the *Anders* brief, nothing in the record establishes reversible error and the appeal is frivolous. The brief discusses the case background, the grounds alleged for revocation, and the evidence presented at the hearing. Counsel discusses two grounds of potential error but concludes the trial court did not abuse its discretion by revoking appellant's community supervision and imposing a sentence within the permissible range. Correspondence from counsel to appellant indicates counsel supplied appellant a copy of the *Anders* brief and counsel's motion to withdraw. The correspondence also points out the right of appellant to review the record and file a *pro se* response and his right to file a *pro se* petition for discretionary review in the Court of Criminal Appeals should he receive an adverse decision by this court. By letter, this court also notified appellant of

3

his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel.[4] Appellant did not file a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record in each matter. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App.1991). We have reviewed the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

Accordingly, we grant counsel's motion to withdraw[5] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[4] A *pro se* response "is not a merits brief, it is merely an informal opportunity for the indigent defendant to present what he believes are claims or issues or areas of procedural or substantive concern that arguably deserve a full merits brief by a second attorney." *In re Schulman,* 252 S.W.3d at 409 n.23.

[5] Counsel shall, within five days after the opinion is handed down, send her client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4.